UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                            Case No. _05-cr-168-01-SM

Robert Shatney

**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 43).  For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The presentence report (using the November 1, 2006 edition of the Guidelines Manual)determined the defendant was responsible for 108.58 grams of cocaine base (or 2,171.6 kilograms of marijuana) and 21.59 grams of powder cocaine (or 4.318 kilograms of marijuana), which resulted in a base offense level of 32.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 29, his criminal history to be III and his advisory guideline range to be 108 to 135 months.

During the sentencing hearing, the court adopted the facts

and findings set forth in the presentence report and imposed the following sentence:  The defendant was sentenced 70 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and that the defendant be provided appropriate treatment for his bipolar disorder.  In addition, the defendant was sentenced to three years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant does not receive a reduction in his base offense level.  When both drugs are converted to their marijuana equivalent, the base offense level remains a level 32 and his total offense level remains level 29.  As a result, his advisory guideline range remains 108 to 135 months.  It is noted that had the defendant not been held accountable for cocaine powder (by virtue of relevant conduct), his base and total offense levels would have been reduced by two levels to level 30 and 27, respectively, which would have

resulted in an advisory guideline imprisonment range of 87 to 108 months.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 43) is DENIED.

**SO ORDERED.**

Date: 4/8/2008

Steven J. McAuliffe
United States District Judge

cc:  Robert Shatney, pro se
     Counsel of Record